BRODSKY MICKLOW BULL & WEISS LLP
KURT MICKLOW, State Bar No. 113974
kmicklow@bmbwlawfirm.com
EDWARD M. BULL III, State Bar No. 141966
ebull@bmbwlawfirm.com
1070 Marina Village Parkway, Suite 200
Alameda, CA 94501
Telephone:   (510) 268-6180
Facsimile:    (510) 268-6181

Attorneys for Plaintiffs
WESTWIND FISHERIES LLC,
PHYLLIS SMITH and ALLEN SMITH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTWIND FISHERIES LLC, PHYLLIS E. SMITH and ALLEN M. SMITH,<br><br>                    Plaintiffs,<br><br>vs.<br><br>VENTURA HARBOR BOATYARD, INC., a corporation; and DOES 1-10, inclusive,<br><br>                    Defendants.<br>_____ ) | CASE NO.<br><br>**COMPLAINT FOR:**<br>**1) BREACH OF BAILMENT UNDER THE GENERAL MARITIME LAW; 2) MARITIME NEGLIGENCE; AND 3) BREACH OF SHIP REPAIR CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.

## GENERAL ALLEGATIONS

1.      This is an action arising out of the total loss by fire on January 30, 2017, of a United States flagged commercial fishing vessel named ELEVEN ELEVEN while it was in the care custody and control of defendants at their

1  shipyard in Ventura County, California.  The claims alleged are governed by the

2  substantive maritime laws of the United States.  Jurisdiction is proper in this Court

3  because this is a case within the admiralty and maritime jurisdiction of the federal

4  courts and it is also within this Court's jurisdiction based on diversity of citizenship

5  pursuant to the United States Constitution Article III, Section 2.

6      2.      Venue is proper in the Central District of California pursuant to both

7  28 U.S.C. §1391(b) and Supplemental Rule F(9) of the Supplemental Rules for

8  Admiralty or Maritime Claims and Asset Forfeiture Actions.  As alleged below,

9  Defendants have their principal places of business in Ventura County, California,

10 and all of the claims alleged arose within the Central District of California.

11     3.      Plaintiff WESTWIND FISHERIES LLC, is a limited liability company

12 formed and existing under the laws of the State of Washington.  At all relevant

13 times, Plaintiff WESTWIND FISHERIES LLC was the legal owner of the

14 commercial fishing vessel ELEVEN ELEVEN EX: BASS OASIS, U.S.C.G.

15 Official No. 587135 ("the Vessel").

16     4.      Plaintiffs PHYLLIS E. SMITH and ALLEN M. SMITH, are a married

17 couple and are the principals of WESTWIND FISHERIES LLC.  They are both

18 citizens and residents of the State of Washington.

19     5.      Plaintiffs are informed and believe and thereon allege that at all

20 relevant times Defendant VENTURA HARBOR BOATYARD, INC., ("VHBY")

21 was and is a California corporation with its principal place of business in Ventura

22 County, California.

23     6.      Plaintiff is ignorant of the true names and capacities of the Defendants

24 sued herein as DOES 1 -10, inclusive, and therefore, Plaintiff sues these Defendants

25 by such fictitious names.  Plaintiff will amend the Complaint to allege their true

26 names and capacities when ascertained.  In the meantime, Plaintiff is informed and

27 believes that each of the fictitiously named Defendants is affiliated in one way or

28

1    another with Defendant VHBY, and is responsible in some manner for the

2    occurrences herein alleged.

3         7.    Plaintiff is informed and believes that all of the Defendants, including

4    those sued as DOES 1-10 herein, were and are the agents, alter egos, partners, joint

5    venturers, co-conspirators, principals, shareholders, servants, employers, employees

6    of their co-Defendants, and in doing the things hereinafter mentioned, were acting

7    within the course and scope of their authority as such agents, alter egos, partners,

8    joint venturers, co-conspirators, principals, shareholders, servants, employers, and

9    employees with the permission, ratification or consent of their co-Defendants and

10   thus are legally liable for all of the damages resulting from the acts or omissions of

11   the others.

12        8.    At all relevant times, Defendants owned and operated a ship repair and

13   boatyard facility located at 1415 Spinnaker Dr, Ventura, California.  At that facility,

14   Defendants provide a wide range of ship repair and retrofitting services for both

15   commercial and recreational vessels and regularly assume physical possession and

16   control of their customers' vessels for weeks or even months in order to complete

17   their vessel repair or refurbishing services.

18        9.    In April 2016, Plaintiffs hired Defendants to perform various services

19   on the Vessel which, among other things required the Vessel to be pulled from the

20   water and set on blocks on the Defendants' property.  It was understood between

21   the parties at the time that Defendants would be responsible for loss or damage to

22   the vessels in their custody but not for any loss or theft of any personal property left

23   aboard the vessels.  The terms of the ship repair contract between Plaintiffs and

24   Defendants are reflected in the work order dated April 20, 2016, a copy of which is

25   attached hereto as Exhibit 1.

26        10.    The Vessel was hauled out of the water by Defendants on or about

27   April 20, 2016, and placed on blocks in Defendants' shipyard.  At that time,

28

COMPLAINT FOR: 1) BREACH OF BAILMENT
UNDER THE GENERAL MARITIME LAW;
2) MARITIME NEGLIGENCE; AND
3) BREACH OF SHIP REPAIR CONTRACT       –3–       CASE NO.

1  Plaintiffs surrendered possession and custody of the Vessel to Defendants.  It was
2  understood at the time that the Vessel would be kept on the premises at Defendants'
3  shipyard and that Defendants would provide the necessary security and take all
4  necessary and prudent steps to safeguard the Vessel while in their possession and
5  while they were performing services pursuant to the work order, Exhibit 1.

6        11.    On January 30, 2017, one or more individuals known to Defendants
7  entered the boatyard and set one or more fires that consumed the Vessel rendering it
8  a total loss.

9                                    **II.**

10                      **FIRST CLAIM FOR RELIEF**

11                        **(For Breach of Bailment)**

12        10.    Plaintiffs refer to and by that reference incorporate as though fully set
13  forth herein each and every allegation contained in paragraphs 1 through 10, above.

14        11.    A bailment was created between Plaintiffs and Defendants when
15  possession, custody and control of the Vessel was surrendered by Plaintiff and
16  assumed by Defendants on or about April 20, 2016.  Pursuant to this bailment,
17  Defendants owed Plaintiffs an absolute duty to return the Vessel in its same
18  condition to Plaintiffs at the conclusion of the bailment (which was to occur at the
19  conclusion of the work specified in the work order, Exhibit 1).

20        12.    Defendants breached their duty to return the Vessel in its same
21  condition to Plaintiffs at the conclusion of the bailment.  The Vessel was consumed
22  by fire on Defendants' premises on January 30, 2017, during the bailment period.
23  Defendants have breached the bailment by failing to return the Vessel to Plaintiffs in
24  the same condition and are liable for the loss or destruction of the Vessel during the
25  bailment.

26        13.    Defendants' breach of bailment has caused economic damages to
27  Plaintiffs, including but not limited to the value of the Vessel at the time it was

28

COMPLAINT FOR: 1) BREACH OF BAILMENT
UNDER THE GENERAL MARITIME LAW;
2) MARITIME NEGLIGENCE; AND
3) BREACH OF SHIP REPAIR CONTRACT        −4−                    CASE NO.

1  destroyed, the lost profits Plaintiffs would have earned from upcoming planned
2  commercial fishing seasons and other related costs, fees and expenses, all in
3  amounts to be proven at trial.

### III.

### SECOND CLAIM FOR RELIEF

### (For Maritime Negligence)

14.    Plaintiff refers to and by that reference incorporates as though fully set
forth herein each and every allegation contained in paragraphs 1 through 13, above.

15.    At all times during the period in which Defendants had possession,
custody and control of the Vessel at Defendants' shipyard, Defendants owed
Plaintiffs a duty to exercise due care in providing for the security and safety of the
Vessel.

16.    Defendants violated and breached this duty of care in the following
respects, among others:

(a)    failing to provide proper perimeter fencing and barriers around their
shipyard in accordance with industry standards to prevent and deter
trespass and vandalism, theft and/or destruction of the vessels entrusted
to defendants' care;

(b)    failing to provide proper security cameras in and around their shipyard
in accordance with industry standards to prevent and deter trespass and
vandalism, theft and/or destruction of the vessels entrusted to
defendants' care;

(c)    failing to provide lighting in and around their shipyard in accordance
with industry standards to prevent and deter trespass and vandalism,
theft and/or destruction of the vessels entrusted to defendants' care;

(d)    failing to provide proper alarm systems, warning systems or other
deterrents (i.e. guard dogs) in their shipyard in accordance with

1 | industry standards to prevent and deter trespass and vandalism, theft
2 | and/or destruction of the vessels entrusted to defendants' care;
3 | (e)    failing to advise vessel owners of the substandard security at their
4 | shipyard and the substantial risks of damage to or destruction of their
5 | vessels whilst in the care, custody and control of Defendants;
6 | (f)    failing to take reasonable steps to guard and protect the vessels in
7 | Defendants' care, custody and control when Defendants learned of
8 | possible threats to their shipyard by one or more persons formerly
9 | affiliated with Defendants;
10 | (g)    not having any reasonable security in accordance with industry
11 | standards to prevent and deter trespass and vandalism for the vessels in
12 | Defendants' care, custody and control; and
13 | (h)    failing to exercise ordinary care under the circumstances to make their
14 | shipyard reasonably safe and secure for the purpose of storing and
15 | safekeeping the vessels entrusted to their care, custody and control.
16 | 17.    Defendants' negligence legally caused economic damages to Plaintiffs,
17 | when on January 30, 2017, one or more individuals known to Defendants entered
18 | the boatyard and set one or more fires that consumed the Vessel rendering it a total
19 | loss.  Plaintiffs' include but are not limited to the value of the Vessel at the time it
20 | was destroyed, the lost profits Plaintiffs would have earned from upcoming planned
21 | commercial fishing seasons and other related costs, fees and expenses, all in
22 | amounts to be proven at trial.
23 |
24 | **IV.**
25 | **THIRD CLAIM FOR RELIEF**
26 | **(For Breach of Ship Repair Contract)**
27 | 18.    Plaintiff refers to and by that reference incorporates as though fully set
28 |

COMPLAINT FOR: 1) BREACH OF BAILMENT
UNDER THE GENERAL MARITIME LAW;
2) MARITIME NEGLIGENCE; AND
3) BREACH OF SHIP REPAIR CONTRACT         –6–                 CASE NO.

1  forth herein each and every allegation contained in paragraphs 1 through 17, above.

2      19.    The terms of the ship repair contract between Plaintiffs and Defendants

3  are reflected in the work order dated April 20, 2016, a copy of which is attached

4  hereto as Exhibit 1 and incorporated by reference herein.  In consideration of

5  Plaintiffs agreeing to hire and pay Defendants to perform ship repairs on the Vessel,

6  Defendants agreed to undertake such repairs and to keep the Vessel safe on their

7  premises whilst such repairs were ongoing.

8      20.    Defendants breached the terms of the ship repair contract by failing to

9  safely keep the Vessel on their premises and by failing to repair and return the

10  Vessel as required under the terms of the ship repair contract.

11      21.    Defendants' breach of the terms of the ship repair contract have

12  legally caused foreseeable economic damages to Plaintiffs, including but not limited

13  to the value of the Vessel at the time it was destroyed, the lost profits Plaintiffs

14  would have earned from upcoming planned commercial fishing seasons and other

15  related costs, fees and expenses, all in amounts to be proven at trial.

16                                **V.**

17                       **PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff prays judgment against Defendants, and each of

19  them, as follows:

20      1.    That Plaintiffs have judgment for their past and future economic

21  damages, including but not limited to the value of the Vessel at the time it was

22  destroyed, the lost profits Plaintiffs would have earned from upcoming planned

23  commercial fishing seasons and other related costs, fees and expenses, in amounts

24  according to proof at trial;

25      2.    That Plaintiffs be awarded prejudgment interest on the amounts of the

26  damages awarded;

27      3.    For costs of suit herein; and

28

COMPLAINT FOR: 1) BREACH OF BAILMENT
UNDER THE GENERAL MARITIME LAW;
2) MARITIME NEGLIGENCE; AND
3) BREACH OF SHIP REPAIR CONTRACT        –7–                CASE NO.

1        4.    For such other and further relief as this Honorable Court deems just

2    and proper.

3    DATED: February 9, 2018      Respectfully submitted,

4                BRODSKY MICKLOW BULL & WEISS LLP

5

6                By:   /s/ Kurt Micklow
                Kurt Micklow

7                Attorneys for Plaintiffs
            WESTWIND FISHERIES LLC,

8                PHYLLIS SMITH and ALLEN SMITH

9

10   **VI.**

11   **<u>DEMAND FOR JURY TRIAL</u>**

12       Plaintiff hereby demands a trial by jury.

13

14   DATED: February 9, 2018      Respectfully submitted,

15               BRODSKY MICKLOW BULL & WEISS LLP

16

17               By:   /s/ Kurt Micklow
                Kurt Micklow

18               Attorneys for Plaintiffs
            WESTWIND FISHERIES LLC,

19               PHYLLIS SMITH and ALLEN SMITH

20

21

22

23

24

25

26

27

28