LAW OFFICE OF ERIC G. ANDERSON
Charles A. Palmer, Esq., State Bar Number: 77685
675 Placentia Avenue, Suite 201
Brea, California 92821
Telephone:  (714) 674-5622 – direct line
                    (714) 674-5605 – main line
Facsimile:    (714) 256-7616
Email: charles.palmer@cna.com

Attorneys for Defendant, VENTURA HARBOR BOATYARD, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTWIND FISHERIES LLC, PHYLLIS E. SMITH and ALLEN M. SMITH,<br><br>Plaintiffs,<br><br>vs.<br><br>VENTURA HARBOR BOATYARD, INC., a corporation; and DOES 1-10, inclusive<br><br>Defendants. | Case Number:  2:18-cv-01165-DSF-PJW (Complaint Filed: 02-12-18)<br><br>**NOTICE OF MOTION AND MOTION SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)**<br><br>**Date:  June 4, 2018**<br>**Time:  1:30 p.m.**<br>**Courtroom 7D**<br><br>Assigned for All Purposes:<br>Judge: Hon. Judge Dale S. Fischer |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on June 4, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Dale S. Fischer in and of the above-entitled court located at 350 West First Street, Courtroom 7D, Los Angeles, California 90012, Defendant VENTURA HARBOR BOATYARD, INC. will move, and hereby does move this Court for an order setting aside entry of default against it on

the Complaint of Plaintiff, JOSE AMADOR JACOBO, for good cause, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 55(c) and based upon the attached memorandum of points and authorities, the declaration of Charles A. Palmer, Esq. and documents attached thereto, the complete filed and records in this action, and upon such oral and documentary evidence as may be allowed at the time of hearing on this motion.

As set forth in the accompanying declaration of Charles A. Palmer , Esq., efforts have been successful to conference with counsel for Plaintiff. In the meet and confer the issue has been resolved informally such that there will be no opposition to this motion.

Date:  April 20, 2018                              LAW OFFICES OF ERIC G. ANDERSON

_____
                                                     Charles A. Palmer, Esq.
                                                     Attorney for Defendant
                                                     VENTURA HARBOR BOATYARD, INC.

- 2 -

LAW OFFICE OF ERIC G. ANDERSON
Charles A. Palmer, Esq., State Bar Number: 77685
675 Placentia Avenue, Suite 201
Brea, California 92821
Telephone:  (714) 674-5622 – direct line
                    (714) 674-5605 – main line
Facsimile:    (714) 256-7616
Email: charles.palmer@cna.com

Attorneys for Defendant, VENTURA HARBOR BOATYARD, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTWIND FISHERIES LLC, PHYLLIS E. SMITH and ALLEN M. SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> VENTURA HARBOR BOATYARD, INC., a corporation; and DOES 1-10, inclusive <br><br> Defendants. | Case Number:  2:18-cv-01165-DSF-PJW (Complaint Filed: 02-12-18) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)** <br><br> **Date:  June 4, 2018** <br> **Time:  1:30 p.m.** <br> **Courtroom 7D** <br> Assigned for All Purposes: <br> Judge: Hon. Judge Dale S. Fischer |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION & STATEMENT OF FACTS

According to the Complaint, The Causes of Action are for Breach of Bailment under General Maritime Law, Maritime Negligence, and Breach of Ship Repair Contract. This action involves claims an arsonist trying to set fire to and damage property of the Ventura Harbor Boatyard and personal property of others therein on January 30, 2017, including the BASS OASIS, a vessel owned by plaintiffs herein.

- 3 -

The Complaint was filed on February 12, 2018.

The Complaint was served on February 28, 2018 on defendant's agent for service of process.

However, Defendant failed to timely file an answer because:

The assigned insurance defense attorney, Charles A. Palmer, failed to note email receipt of the service of the Complaint from the agent for service of process. The Complaint was forwarded to Mr. Palmer by the agent for service of process by email in the week of March 5, 2018.

Notice of Entry of Default was received by Charles A. Palmer on April 5, 2018.

Email and telephone contact was made with plaintiff attorney by Charles A. Palmer on April 6, 2018. Mr. Kurt Micklow, plaintiff attorney, by return email on April 6, 2018 has indicated there would be no objection to the defendant seeking relief from Entry of Default.

Had a timely answer been filed, Defendant would have alleged that:

- Ventura Harbor Boatyard requires proof of insurance for any vessel being worked on in its yard. It is a material condition of the Work Order. Insurance was not obtained. Ventura Harbor Boatyard takes a position that the owners of BASS OASIS failed to meet the conditions of the Work Order.

- The hold harmless agreement which is again an important element of the Work Order does not say only for personal injuries but says "for any injuries incurred by the vessel owner". It can be read to include personal property injury/damages.

- Any duty owned by Ventura Harbor Boatyard as Bailee of the 46 foot Bertram is abrogated by the law wherein the intentional tort and/or criminal

- 4 -

act of a third-party supersedes any alleged act by Ventura Harbor Boatyard where the Boatyard could not have reasonably foreseen that another person would likely to take advantage of a situation to commit the intentional tort and/or criminal act.

- Ventura Harbor Boatyard did not create a negligent condition or create any situation to allow an intentional tort and/or criminal act to occur. Specifically, the Boatyard has operated successfully and without prior criminal conduct for decades before this incident occurred. More important, the Boatyard, by and through its personnel, could not have reasonably anticipated any person to have set fire to BASS OASIS and other vessels.

- The plaintiff is making claim for loss of profit from not having BASS OASIS for purposes of commercial fishing. This boat had not been used before for this purpose. There is an issue if plaintiff can show loss. Plaintiff also seeks return of monies paid for work on the boat before the fire. Defendant argues this is not the proper measure of damages.

These facts support defenses to the action in the form of:

Ship Repair Contract applicable to BASS OASIS

Work Order applicable to BASS OASIS

Hold Harmless Agreement applicable to BASS OASIS

Law of Bailment

Principals of Negligence- non liability for criminal acts of third parties

When this failure to timely respond to the Complaint was discovered, counsel for Defendant promptly reached out to counsel for Plaintiff to determine what was the status of the matter. Counsel for Plaintiff did respond and suggested he would not oppose this motion. Defendant now seeks an order setting aside the entry of default.

- 5 -

## II.    LEGAL STANDARD

An entry of default may be set aside upon a showing of good cause.  (Fed. R. Civ. P. 55(c).)  The standard for setting aside entry of default is the same as that for setting aside a default judgment under Rule 60(b), but the test is less rigid and more generous to the party in default.  *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).  The factors to be considered are: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. (Id. at 925-926.)

"Where timely relief is sought from a default… and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits. [Citations.]"  *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-946 (9th Cir. 1986).

## III.    ARGUMENT

### A.    No Prejudice To The Plaintiff

The standard for determining prejudice to the plaintiff is "whether his ability to pursue his claim will be hindered."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  "To be prejudicial, the setting aside of a default judgment must result in greater harm than simply relaying resolution of the case."  *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010).

Here, there is no danger of prejudice to the Plaintiff.  Other than the filing and service of the Complaint and entry of default, no other action has been taken in this litigation to date.  Nor would Plaintiff be denied any substantive rights, arguments or evidence by the short delay caused by the default here.  In essence, Plaintiff is not hindered in any way for purposes of litigation the merits of his case.

- 6 -

### B.   Defendant Has Meritorious Defenses

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).   "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient fact that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion…" *Mesle, supra* at 1094.

Here, Defendant clearly has multiple, meritorious defenses.  As set forth above, Defendant intends to allege and prove that plaintiff breached the Ship Repair Contact, Work Order and Hold Harmless Agreement by, among other things, failing to obtain requisite insurance, the unforeseeable criminal acts of third parties is the sole cause of the loss sustained by plaintiff (and the defendant for that matter), and the defendant did not act negligently in the security of the Boatyard, which would support meritorious defenses for breach of Contract, no breach of the law of bailment, no liability for criminal acts of third parties, and no breach of negligence or being the proximate cause of the damages claimed by plaintiff.

### C.   Defendant's Delay Was Not Culpable

For the purpose of demonstrating "good cause" under Rule 55(c), "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer. [Citations.]"   *Mesle* at 1092 (emphasis in original).  "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." (*Id*.; *see also TCI Group Life Ins. Plan v.*

- 7 -

*Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (overruled on other grounds); and *Coen Company, Inc. v. Pan International, Ltd.*, 307 F.R.D. 498, 505 (N.D. Cal. 2015).  There is no proof of such intentional acts by the defendant. Rather, it is the simple mistake of its counsel, Charles A. Palmer, which has led to this circumstance.

Here, Defendant's delay was caused by

Counsel for the defendant failing to note an email received forwarding the Complaint having been served on the defendant's agent for service of process. There is no other explanation beyond this oversight.

There is no basis to conclude that any bad faith was present in such mistakes and as such, the defendant did not engage in "culpable" conduct for purposes of determining whether it is appropriate to set aside the default.

## IV.   CONCLUSION

For the foregoing reasons, Defendant, VENTURA HARBOR BOATYARD, INC., respectfully requests that the Court grant its request for an order to set aside the default and grant it leave to file an answer to the Complaint of Plaintiff, WESTWIND FISHERIES LLC, PHYLLIS E. SMITH and ALLEN M. SMITH.

Date:  April 20, 2018                        LAW OFFICES OF ERIC G. ANDERSON

_____
                                                         Charles A. Palmer, Esq.
                                                         Attorney for Defendant
                                                         VENTURA HARBOR BOATYARD, INC.

- 8 -

**PROOF OF SERVICE BY MAIL**

)

**STATE OF CALIFORNIA**

) SS:

**COUNTY OF ORANGE** )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 675 Placentia Avenue, Suite 201, Brea, California 92821.

On April 20, 2018, I served the foregoing document described as **NOTICE OF MOTION AND MOTION SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)** on the parties in this action in a sealed envelope addressed as follows:

BRODSKY MICKLOW BULL & WEISS LLP
Kurk Micklow, Esq.
Edward M. Bull III, Esq.
1070 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 268-6180; Fax: (510) 268-6181
Email: kmicklow@bmbwlawfirm.com; ebull@bmbwlawfirm.com
Attorneys for Plaintiffs WESTWIND FISHERIES LLC, PHYLLIS E. SMITH and ALLEN M. SMITH,

☒ **By CM/ECF NOTICE OF ELECTRONIC FILING.** I served the document(s) by ECF. I electronically filed the document with the Clerk of the Court using the CM/EDF system. I am informed and believe that all other parties on the docket sheet received electronic notice of this filing.

☒ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Brea, California, in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 20, 2018, at Brea, California.

_Leonila R. Lee_
Leonila R. Lee

- 9 -